UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA           **MEMORANDUM & ORDER**
                                                    19-CR-17 (PKC)
- against –

JOHN MARTIN SOLANO,

                Defendant.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Pending before the Court is Defendant John Solano's motion for early termination of his supervised release. (Dkt. 13.) For the reasons that follow, that application is denied. However, the Court modifies the terms of his supervised release, as discussed below, to ease restrictions on his travel.

**I.  Legal Standard**

Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to terminate the remainder of a defendant's term of supervised release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," 18 U.S.C. § 3564(c), "where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require[.]" *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). The defendant bears the burden of proving that he is eligible for early termination of supervised release under Section 3583(e)(1). *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.") (internal quotation marks omitted)).

Early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (quoting *Lussier*, 104 F.3d at 36); *see also United States v. Fenza*, No. 03-CR-921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (reiterating that early termination "is not warranted as a matter of course"). As the Second Circuit explained in *Lussier*:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may invoke either subsection (1), which "works to the advantage of the defendant," or subsection (2), which "can be employed either to the defendant's advantage or his disadvantage," . . . to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release.

104 F.3d at 36 (citations omitted).

It is well established that mere compliance with the terms of supervised release and the law is insufficient to justify termination. *See, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination[,]" noting that termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law." (citations omitted)); *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not established by mere compliance with the terms of supervised release.").

In deciding whether to grant early termination of supervised release, the Court also must consider the "factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable." 18

U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [. . .] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, [. . .] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

**II.     Defendant Has Failed to Demonstrate That Early Termination is Warranted**

In seeking early termination of his supervised release, Defendant cites his "extraordinar[y] success[]" during his five years of supervision: "Today, he is sober, financially independent, actively engaged in therapy, and maintains a healthy work life balance.  His is also actively involved in his Brooklyn community as a volunteer with two LGBTQ+ organizations." (Dkt. 13, at 1.)  While these accomplishments are laudable, they do not warrant early termination of supervision, especially in light of the applicable sentencing factors.  *See United States v. Weiss*, No. 21-CR-457 (PMH), 2022 WL 3214914, at *3 (S.D.N.Y. Aug. 9, 2022) (denying defendant's motion for early termination of his term of supervised release despite defendant's good behavior and re-integration).  Rather, Defendant's conduct largely amounts to complying with the terms of his supervised release, which have required him, among other things, to participate in substance abuse and sex offender treatment, which has in turn produced the positive developments noted above.  But mere compliance with the terms of his supervision does not constitute "exceptionally good behavior" that justifies early termination.  *Stein*, 2020 WL 4059472, at *2; *see also Rusin*, 105 F. Supp. 3d at 292.  That Defendant may have needed to work harder than other defendants to achieve sobriety, financial stability, and a healthy work-life balance, while making his efforts commendable, does not change the fact that these are all things he was required to do as part of his supervised release conditions.  *See McKay*, 352 F. Supp. 2d at 361 (finding that "[w]hile

3

[defendant's] behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination."); *see also United States v. Gonzales*, No. 94-CR-134 (JSR), 2015 WL 4940607, at *1 (explaining that, if being a "model probationer" and "present[ing] a low risk of recidivism, . . . standing alone, were sufficient to grant early termination, . . . 'the exception would swallow the rule.'" (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y.1998)).

The Court also finds that the relevant Section 3553(a) sentencing factors weigh in favor of continuing Defendant's supervision. "In imposing a term of supervised release, the district court is required to consider, among other factors, 'the nature and circumstances of the offense and the history and characteristics of the defendant,' 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to 'protect the public from further crimes of the defendant' and 'provide the defendant with needed . . . medical care, or other correctional treatment [in the most effective manner],' 18 U.S.C. § 3553(a)(2)(C)-(D); 'the applicable guidelines or policy statements issued by the Sentencing Commission,' 18 U.S.C. § 3553(a)(4)(B); and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' 18 U.S.C. § 3553(a)(6)." *United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018). The Court may also consider the need for the sentence to "afford adequate deterrence to criminal conduct" pursuant to 18 U.S.C. § 3553(a)(2)(B). *See* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [. . .] terminate a term of supervised release . . . .").)

Here, the Court finds that, notwithstanding the progress Defendant has made with respect to certain issues, supervised release is still necessary to ensure that Defendant continues with his sex offender treatment, which is required as a condition of supervised release. Notably, Defendant's supervision, which began in July 2016, has been marked by six instances of non-

4

compliance. Although four of the six occurred in 2018, and the fifth in 2016, the nature of three of the 2018 instances, as well as the most recent one in July 2021, relate to Defendant's sex offender treatment. (*See* Dkt. 18, at 2–3.) Similarly, although Defendant's sex offender treatment provider reported in January 2023 about the substantial progress Defendant has made, the provider did not opine that Defendant's treatment is complete or recommend that it be terminated. (Dkt. 14-2.) Continuing Defendant on supervised release is necessary to ensure that he will continue to participate in this treatment as long as is deemed necessary or beneficial by the provider. The Court, therefore, finds that based on the nature and circumstances of Defendant's offense and his personal history and characteristics, *see* 18 U.S.C § 3553(a)(1), the need for the sentence to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), and the need to provide Defendant with needed medical care in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), he should serve the remainder of his term of supervised release.

As previously discussed, the Court also finds that Defendant relies primarily on his compliance with the terms of his supervised release to support his request for early termination and that he has not presented any "new or unforeseen circumstances" that warrant this relief. *Lussier*, 104 F.3d at 36. At the same time, however, the Court finds that Defendant has demonstrated that his current travel restrictions, which require him to obtain advance approval from Pretrial Services for any travel outside of New York City (Dkt. 13, at 9 (reporting that "it has taken as long as 3–4 weeks to receive approval . . . to visit family in Long Island" and that "he has stopped requesting to visit family in New Jersey, because the previous two requests he submitted took weeks to process and were ultimately rejected")), are interfering with Defendant's prospects for job advancement and his ability to see family and friends. (Dkt. 13, at 9.) Defendant has submitted a letter from his employer indicating that "due to the combination of the stringent rules

5

of his probation and the fast moving nature of our organization," Defendant has not been given the opportunity to travel around the country for training. (Dkt. 13, at 8; Dkt. 13-2, at ECF[1] 18.) Weighed against the other factors discussed above, the Court does not find that this circumstance warrants termination of supervised release but does warrant modification of Defendant's supervised release conditions. The Court therefore modifies these conditions to allow Defendant to travel without receiving prior approval from the Probation Department so long as Defendant provides 24 hours' telephonic notice to his Probation Officer of his travel plans. In the event of an emergency, Defendant shall provide notice to the Probation Department within 48 hours after he leaves the jurisdiction.

## CONCLUSION

Accordingly, Defendant's request for early termination of supervised release is denied, but the conditions of his supervision are modified.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 18, 2023
      Brooklyn, New York

---

[1] "ECF" refers to the pagination generated by the court's electronic filing system and not the document's internal pagination.